# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1404

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Chris Prestenbach, | * | |
| | • | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 6, 1998

Filed: February 16, 1999

_____

Before BOWMAN, Chief Judge, FLOYD R. GIBSON, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

PER CURIAM.

Chris Prestenbach, a federal prisoner at the United States Medical Center for
Federal Prisoners at Springfield (MCFP), appeals the district court's[1] 18 U.S.C.
§ 4245 order committing him to the custody of the Attorney General for psychiatric
treatment. Initially, we reject Mr. Prestenbach's complaint that he should have been

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western
District of Missouri, adopting the report and recommendations of the Honorable James
C. England, United States Magistrate Judge for the Western District of Missouri.

examined by another mental health expert and been allowed to offer additional witness testimony at his section 4245 hearing, because he has failed to show how such examination or evidence would have altered the outcome of this proceeding. Having carefully reviewed the record, we conclude the district court did not clearly err, as both the MCFP mental health professionals and a clinical psychologist chosen by Mr. Prestenbach's attorney were of the opinion that Mr. Prestenbach suffers from a mental disease or defect and is in need of custody for care or treatment in a suitable facility. See 18 U.S.C. § 4245(d); United States v. Watson, 893 F.2d 970, 976 (8th Cir.) (standard of review) vacated in part as moot and appeal dismissed in part sub nom. United States v. Holmes, 900 F.2d 1322 (8th Cir.) (en banc), cert. denied, 497 U.S. 1006 (1990).

Insofar as Mr. Prestenbach contends on appeal that he should not be forcibly medicated, such issue is not now before this court. The government's petition did not request, and the district court did not render, a decision whether medication may be involuntarily administered to Mr. Prestenbach. Cf. Watson, 893 F.2d at 976 (§ 4245 governs transfer to facility for psychiatric treatment but does not define "treatment" or automatically authorize administration of psychotropic drugs).

Finally, we reject Mr. Prestenbach's remaining contentions as being without merit, and deny his pending motion.

Therefore, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-